RENDERED: JANUARY 20, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0704-ME

MARTY STANIFER                                                      APPELLANT

v.                APPEAL FROM JEFFERSON CIRCUIT COURT
                  HONORABLE MITCH PERRY, JUDGE
                  ACTION NO. 17-CI-001658

LOUISVILLE AND JEFFERSON
COUNTY METROPOLITAN SEWER
DISTRICT AND UNKNOWN MSD
PUMP OPERATOR                                                       APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; CALDWELL AND GOODWINE,
JUDGES.

THOMPSON, CHIEF JUDGE: Marty Stanifer appeals from an order denying his

motion for class certification. Appellant argues that the trial court abused its

discretion in denying his motion to certify a class action. We find no error and

affirm.

## FACTS AND PROCEDURAL BACKGROUND

In April of 2015, Louisville, Kentucky was subjected to a large amount of rainfall which caused significant flooding in the area. In March of 2017, Appellant filed the underlying lawsuit on behalf of himself and others similarly situated. He claimed that a water pumping station near his home malfunctioned and either caused or exacerbated the significant flooding which occurred in 2015, and that this flooding caused property damage. It was later revealed that this pumping station was not part of the storm water drainage system, but was a sewer pumping station. Appellant later amended his complaint to allege that the sewer pumping station was not working properly and caused a sewage overflow. He went on to claim that this overflow caused or exacerbated the flooding and led to the property damage.

In February of 2022, Appellant moved to have his cause of action certified as a class action. He wanted to include in the class people who suffered property damage from the flooding and who were within his neighborhood. He specifically identified sixteen other people who suffered damages from the flooding. He also identified around 150 other individual properties that were within the geographical area in which he was basing his class membership.[1] The

---

[1] The geographical area was based on his expert's opinion as to where a sewage overflow *could* have occurred based on a schematic and layout of the sewage drainage system. Appellant's expert did not opine as to whether a sewage overflow actually occurred, only that it was possible,

Louisville and Jefferson County Metropolitan Sewer District opposed the motion

and argued that Appellant's class was too speculative.

A hearing was held on the issue in May of 2022. An order denying

the class certification motion was entered in June of 2022, and this appeal

followed.[2]

## ANALYSIS

> The decision to deny class certification is reviewed
> for an abuse of discretion. The test for abuse of
> discretion is whether the trial judge's decision was
> arbitrary, unreasonable, unfair, or unsupported by sound
> legal principles. As this Court undertakes its review,
> [w]e must focus our analysis on this limited issue [of
> class certification] and in so doing scrupulously respect
> the limitations of the crossover between (1) reviewing
> issues implicating the merits of the case that happen to
> affect the class-certification analysis and (2) limiting our
> review to the class-certification issue itself.

*Manning v. Liberty Tire Services of Ohio, LLC*, 577 S.W.3d 102, 109-10 (Ky. App.

2019) (internal quotation marks, footnotes, and citations omitted). "In Kentucky,

CR 23.01 and 23.02 govern class certification. Taken together, the rules provide a

comprehensive roadmap to class certification. The mandates of both rules must be

and he would need to conduct further testing and computer modeling before he could express such an opinion.

[2] Kentucky Rule of Civil Procedure (CR) 23.06 allows for an immediate appeal from an order granting or denying class certification.

satisfied before a class may be certified. The party seeking certification bears the burden of proof." *Id.* at 110 (citation omitted).

> Subject to the provisions of Rule 23.02, one or more members of a class may sue or be sued as representative parties on behalf of all only if (a) the class is so numerous that joinder of all members is impracticable, (b) there are questions of law or fact common to the class, (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (d) the representative parties will fairly and adequately protect the interests of the class.

CR 23.01. "The four requirements in CR 23.01 to maintaining a class action can be summed up as *numerosity, commonality, typicality*, and *adequacy of representation* requirements." *Hensley v. Haynes Trucking, LLC*, 549 S.W.3d 430, 442-43 (Ky. 2018) (footnote and citation omitted) (emphasis in original).

> Rule 23 requires a showing that *questions* common to the class predominate, not that those questions will be answered, on the merits, in favor of the class. Federal circuit courts have addressed the issue even more bluntly: The determination [of] whether there is a proper class does not depend on the existence of a cause of action. A suit may be a proper class action, conforming to Rule 23, and still be dismissed for failure to state a cause of action.

*Id.* at 437 (internal quotation marks, footnotes, and citations omitted) (emphasis in original).

In the case at hand, the trial court held that Appellant had failed to meet the first two factors of CR 23.01, numerosity and commonality. We will first

address numerosity.  The trial court held that Appellant's identification of around 150 different properties, but only seventeen individuals,[3] that could have been affected by the flooding is not definitive enough to show an impracticality of joinder.

> There is no precise size or number of class members that automatically satisfies the *numerosity* requirement.  Whether a number is so large that it would be impracticable to join all parties depends not upon any magic number or formula, but rather upon the circumstances surrounding the case.  The substantive nature of the claim, the type of the class action, and the relief requested bear on . . . the necessary showing of numerosity in relation to impracticability of joinder.  Practicability of joinder also depends on the size of the class, the ease of identifying its members and determining their addresses, facility of making service on them, and their geographic dispersion.  Impracticability does not mean impossibility.  The class representative need show only that it is extremely difficult or inconvenient to join all members of the class.

*Hensley*, 549 S.W.3d at 443 (internal quotation marks, footnotes, and citations omitted) (emphasis in original).

Keeping in mind that we review this issue for an abuse of discretion, we find no error.  The evidence so far indicates that the geographic area that includes the 150 properties is where a sewage overflow could have occurred, not that one did occur there.  The evidence also shows that not all of those 150

---

[3] The sixteen individuals mentioned previously and Appellant himself.

-5-

properties actually incurred flood damage. Finally, there is no evidence that the people who currently own those 150 properties also owned the properties in 2015 when the flooding occurred. The court held that the seventeen individuals identified were not numerous enough to make joinder impractical and the other 150 property owners were too speculative. We agree and believe this was not an unreasonable conclusion. Perhaps with additional investigation Appellant can identify additional individuals who have a potential claim and can move for class certification at a later date.

We now move on to the commonality requirement.

> The U.S. Supreme Court . . . highlighted the focus of the *commonality* question: Whether the class plaintiffs' claims depend upon a common contention . . . that is capable of class wide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke. This Court has also expounded on the *commonality* requirement: CR 23.01(b) requires that there must be questions of law or fact common to the class, but it does not require that all questions of law or fact be common.

*Id.* (internal quotation marks, footnotes, and citations omitted) (emphasis in original).

The trial court held that Appellant did not meet the commonality requirement because there could have been multiple different causes of the flooding. For example, the flooding could have been caused by the excessive

rainfall or a potential sewage overflow. The court believed that without a common cause of the flooding, there could be no commonality amongst the potential class members. We disagree with the trial court as to this factor.

> The commonality element requires there to be common questions of law or fact to the class. CR 23.01. It is unnecessary to have a complete identity of facts relating to all members as long as there is a common nucleus of operative facts. [F]or purposes of [CR 23.01(a)], [e]ven a single [common] question will do[.] One significant issue common to the class may be sufficient to warrant certification.

*Manning*, 577 S.W.3d at 113 (internal quotation marks and citations omitted).

> What is important to the commonality inquiry is not simply that common questions exist in the class, but rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation. Meeting this requirement is not a herculean task. . . . The questions common to the class members must predominate over the questions which affect individual members. . . . [E]ven if some individualized determinations may be necessary to completely resolve the claims of each putative class member . . . those are not the focus of the commonality inquiry.

*Nebraska All. Realty Company v. Brewer*, 529 S.W.3d 307, 312 (Ky. App. 2017) (internal quotation marks and citations omitted) (emphasis in original).

Let us assume that the primary cause of the flooding at issue in this case was from the huge amount of rainfall experienced by Louisville. If Appellant can prove that a sewage overflow also occurred, that the overflow was caused by some negligence on the part of Appellees, and that the overflow exacerbated the

flooding, then Appellant could show that Appellees caused some damage to the property of the potential class members. These would all be common questions for the class members, the answers to which would drive the resolution of the litigation.

We believe that the trial court's reasoning regarding the commonality requirement was flawed in this instance. That being said, because Appellant failed to satisfy the numerosity requirement, we are still affirming the judgment of the trial court as to class certification. The trial court also briefly touched on the typicality and adequacy requirements, but did not go into much detail because Appellant had already failed to meet the numerosity and commonality requirements. As the trial court did not sufficiently address typicality and adequacy, we are unable to determine if the court erred in finding these requirements were not met.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court. Appellant did not successfully meet the numerosity requirement for class certification; therefore, the trial court did not abuse its discretion in denying the motion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Peter J. Jannace
Andrew E. Mize
Louisville, Kentucky

BRIEF FOR APPELLEES:

Adam T. Goebel
Angela S. Fetcher
Jamila Carter
Louisville, Kentucky